**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**


**SHANTELL D. LEWIS,**

        **Plaintiff,**

        **v.**                      **CASE NO.  12-3112-SAC**

**TROY J. CARRELL,
et al.,**

        **Defendants.**

## O R D E R

This civil complaint was filed pro se by an inmate of the El Dorado Correctional Facility, El Dorado, Kansas (EDCF).

**MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES**

Plaintiff has filed a motion for leave to proceed without prepayment of fees (Doc. 2), and has attached an Inmate Account Statement in support as statutorily mandated.  Under 28 U.S.C. § 1915(b)(1), an inmate granted such leave is not relieved of the obligation to pay the full fee of $350.00 for filing a civil action. Instead, being granted leave to proceed without prepayment of fees merely entitles him to proceed without prepayment of the full filing fee, and to pay the fee over time through payments deducted automatically from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).[1]

---

[1] Pursuant to §1915(b)(2), the Finance Office of the facility where plaintiff is confined will be directed to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full.  Plaintiff will be required to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

Furthermore, § 1915(b)(1), requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action. Having examined the records of plaintiff's account, the court finds the average monthly deposit to plaintiff's account during the relevant time period was $ 29.88, and the average monthly balance was $ 3.16. The court therefore assesses an initial partial filing fee of $ 5.50, twenty percent of the average monthly deposit, rounded to the lower half dollar. Plaintiff must pay this initial partial filing fee before this action may proceed further, and will be given time to submit the fee to the court. His failure to submit the initial fee in the time allotted may result in dismissal of this action without further notice.

**FACTUAL ALLEGATIONS AND CLAIMS**

As the factual basis for his complaint, plaintiff alleges as follows. On January 20, 2012, at the EDCF he was stopped in the dining hall of the gym area by Special Security Team Officer Carrell and Special Security Team Officer Chastain for a routine pat search. Officer Carrell conducted the search while Officer Chastain watched. During the search, Officer Carrell "started to massage and caress" plaintiff's "inner thigh area," which made him uncomfortable. Carrell then grabbed plaintiff's penis and applied pressure, which caused plaintiff pain, swelling in the penis area, and urine blood. Carrell smiled and laughed after the pat search. Plaintiff felt humiliated and embarrassed. Defendant Chastain assisted in the

abuse, smiled and laughed during the assault, and failed to protect plaintiff from the abuse.

Plaintiff claims that he was sexually assaulted by defendant Carrell and was subjected to cruel and unusual punishment. He asserts a violation of his rights under the Eighth Amendment. He seeks compensatory damages in the amount of $775,000 and punitive damages of $75,000.

Plaintiff alleges that he has exhausted prison administrative remedies. His exhibits show that he filed a grievance complaining about the alleged acts by Carrell and Chastain. His Unit Manager responded that inmates were subject to pat search at any time, inmates should not be touched any more than necessary to conduct a comprehensive search, and security staff were trained in the proper way to pat search an inmate including the groin area. The Unit Manager found no evidence that plaintiff was touched in an inappropriate manner, other than his claim. The Unit Manager stated that plaintiff's concerns would be forwarded to the officer's supervisor, and that plaintiff would not be notified if any disciplinary action was taken. Plaintiff appealed, and Warden Heimgartner responded that he had reviewed the grievance and response and felt no further action was necessary.

**SCREENING**

Because Mr. Lewis is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b); 28 U.S.C. §

1915(e)(2)(B).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level," and there must be "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). The court accepts all well-pleaded allegations in the complaint as true. Anderson v. Blake, 469 F.3d 910, 913 (10th Cir. 2006). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. Twombly, 550 U.S. at 558. The complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id. at 555. Having screened all materials filed, the court finds as follows.

**DEFENDANTS**

The only defendants named in the caption of the complaint and for whom the information required in paragraphs (2) and (3) is provided are Carrell and Chastain. Fed.R.Civ.P. Rule 10 requires that all defendants be named in the caption of the complaint. Thus,

4

at this point the only defendants plaintiff has properly designated in this action are Carrell and Chastain.

Plaintiff's allegations in the body of his complaint may suggest that he intended to include other defendants. He alleges that he told Shift Commander Captain Smith about the assault but Smith failed to report the incident. He also alleges that Smith failed to train the officers correctly. He claims that Warden Heimgartner was aware of and ignored a pattern of sexual assaults on prisoners by staff at the EDCF. The court does not consider either Captain Smith or Warden Heimgartner as a defendant in this action because neither is properly designated as a defendant in the caption. In addition, personal participation of each defendant in the alleged unconstitutional acts is an essential element of a claim under § 1983. Plaintiff's exhibits indicate that he talked to Smith a couple days after the incident. Smith is not alleged to have actually participated in the alleged assault. Plaintiff's allegation that Smith failed to adequately train officers is completely conclusory, and thus does not entitled him to relief against Smith. With respect to defendant Heimgartner, a prison official's denial of grievances complaining of an incident that occurred previously, is not sufficient grounds under § 1983 to state a claim against the official. Plaintiff's allegations that Smith and Heimgartner knew of and ignored a pattern of sexual assault by staff at the EDCF are not supported by any factual allegations whatsoever. Accordingly, the court finds that plaintiff has failed to properly designate either Smith or Heimgartner as a defendant; and even if he had, he fails to state a claim against either of

these individuals.[2]

**MOTION FOR APPOINTMENT OF COUNSEL**

The court has considered plaintiff's Motion for Appointment of Counsel (Doc. 3) and finds it should be denied.  There is no right to appointment of counsel in a civil rights action, and it appears that plaintiff is capable of presenting facts to support his claim.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff is granted thirty (30) days in which to submit to the court an initial partial filing fee of $ 5.50.  Any objection to this order must be filed on or before the date payment is due.  The failure to pay the fees as required herein may result in dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that within the same thirty-day period plaintiff must comply with the foregoing order regarding additional defendants or this action shall proceed against the two properly designated defendants only.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (Doc. 3) is denied, without prejudice.

**IT IS SO ORDERED.**

Dated this 7th day of June, 2012, at Topeka, Kansas.

---

[2] If plaintiff intends for Smith and Heimgartner to be additional defendants in this case he must designate each of them as a defendant, provide the requisite information, and allege facts showing each person's personal participation in the alleged assault.  Otherwise, this action will proceed only as against the named defendants Carrell and Chastain.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge