# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

SHANTELL D. LEWIS,

        Plaintiff,

v.                                        Case No. 12-3112-KHV

TROY J. CARRELL,

        Defendant.

## <u>**ORDER**</u>

Pursuant to Fed. R. Civ. P. 26, defendant Troy Carrell has filed a motion to stay discovery **(doc. 42)** pending a ruling on defendant's motion for summary judgment (doc. 40). *Pro se* plaintiff Shantell Lewis has not filed a response to the motion to stay discovery, and the time for doing so under D. Kan. R. 6.1(d) has run. The motion is granted.

D. Kan. Rule 7.4 provides: "If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice." Although the court could grant the motion solely on the ground that it is unopposed, the court will briefly address the merits of the motion.

It has long been the general policy in the District of Kansas not to stay discovery even if a dispositive motion is pending.[1] But three exceptions to this policy are recognized. A discovery stay may be appropriate if: (1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome.[2] The decision whether to stay discovery rests in the sound discretion of the district court. As a practical matter, this calls for a case-by-case determination.

The court has reviewed the record, the instant motion, the pending motion for summary judgment, and plaintiff's response to the motion for summary judgment. The court concludes that a brief stay of all pretrial proceedings—including discovery and the scheduling of deadlines—is warranted until the court resolves defendant's pending dispositive motion. The ruling on the dispositive motion could conclude this case, making discovery at this point wasteful and burdensome.

In consideration of the foregoing, and upon good cause shown,

IT IS THEREFORE ORDERED:

1.      Defendant's motion to stay (**doc. 42**) is granted.

2.      All discovery in this case is stayed until further order of the court.

---

[1] *See Wolf v. United States,* 157 F.R.D. 494, 495 (D. Kan. 1994).

[2] *Id.* (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297-98 (D. Kan. 1990)).

3.    The final pretrial conference set for October 30, 2013, is canceled.

4.    Should the case survive the motion for summary judgment, counsel shall confer and submit a proposed amended scheduling order to the court within fourteen days of the ruling on the motion for summary judgment.

5.    In light of the foregoing, plaintiff's motion to compel **(doc. 43)** is denied without prejudice to re-filing should the case remain at issue.

6.    The 30 day limitation for filing motions to compel under the local rules is extended to 30 days after the summary judgment ruling.

Plaintiff is informed that within 14 days after he is served with a copy of this order, he may, pursuant to Fed. R. Civ. P. 72 and D. Kan. Rule 72.1.4(a), file objections to this order by filing a motion for review of this order by the presiding U.S. District Judge, Kathryn Vratil.  A party must file any objections within the 14-day period if the party wants to have appellate review of this order.

IT IS SO ORDERED.

Dated September 9, 2013, at Kansas City, Kansas.


 s/ James P. O'Hara
James P. O'Hara
U. S. Magistrate Judge