UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHANTELL D. LEWIS,

        Plaintiff,

v.

TROY J. CARRELL,

        Defendant.

Case No. 12-CV-3112-DDC-JPO

**MEMORANDUM AND ORDER**

    This matter comes before the Court on defendant's Motion to Reconsider (Doc. 53) seeking partial reconsideration of the Court's Memorandum Opinion and Order granting in part and denying in part defendant's Motion for Summary Judgment (Doc. 51).  After considering the arguments presented by defendant, the Court denies the Motion to Reconsider.

**I.    Background**

    Plaintiff brings this lawsuit pro se against Special Security Team Officer Troy J. Carrell asserting a claim under 42 U.S.C. § 1983 for violation of his federal constitutional rights while housed as an inmate at the Kansas Department of Corrections' El Dorado Correctional Facility.

    On August 8, 2013, defendant filed a Motion for Summary Judgment seeking dismissal of this lawsuit because plaintiff failed to exhaust all available administrative remedies, as the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a) requires.  On September 10, 2014, the Court entered a Memorandum Opinion and Order granting in part and denying in part defendant's summary judgment motion (Doc. 51; hereinafter the "September 10, 2014 Order").

1

As explained in the September 10, 2014 Order, the Court granted summary judgment against any personal injury claim asserted by plaintiff because plaintiff had failed to exhaust his administrative remedies by filing the personal injury claim required by Kan. Admin. Regs. § 44-16-104a. (*Id.* at 21) The Court, however, denied summary judgment as it applied to plaintiff's § 1983 claim (in which plaintiff asserts that defendant violated plaintiff's constitutional rights) because a genuine issue of fact existed whether plaintiff had satisfied the administrative exhaustion requirements under Kan. Admin. Regs. § 44–15–101 before filing his lawsuit asserting the § 1983 claim. (*Id.* at 20)

Defendant now asks the Court to reconsider part of the September 10, 2014 Order. Specifically, defendant seeks reconsideration of the Court's holding that plaintiff may proceed with his § 1983 claim despite failing to exhaust administrative remedies for a personal injury claim under Kan. Admin. Regs. § 44-16-104a.[1] Defendant argues that because the PLRA requires plaintiff to exhaust *all* available administrative remedies, his failure to exhaust administrative remedies under Kan. Admin. Regs. § 44-16-104a bars not only his personal injury claim but also his constitutional claim under § 1983. The Court disagrees for reasons explained below.

## II.     Legal Standard

Plaintiff seeks reconsideration of the Court's September 10, 2014 Order under Fed. R. Civ. P. 54(b) and D. Kan. Rule 7.3(b). D. Kan. Rule 7.3(b) states that a motion to reconsider "must be based on: (1) an intervening change in controlling law; (2) the availability of new

---

[1]     Defendant does not seek reconsideration of the Court's holding that a material dispute of fact exists whether plaintiff exhausted the grievance procedure under Kan. Admin. Regs. § 44–15–101. (Doc. 53 at 2)

evidence; or (3) the need to correct clear error to prevent manifest injustice." "A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of due diligence." *Comeau v. Rupp*, 810 F. Supp. 1172, 1174–75 (D. Kan. 1992) (citations omitted). A party seeking reconsideration may not revisit issues already addressed or assert new arguments or supporting facts that otherwise were available for presentation when the party filed the original motion. *Id.* (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.), *cert. denied*, 506 U.S. 828 (1992)). A court has discretion when deciding to grant a motion to reconsider. *Hancock v. Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988); *Shannon v. Pac. Rail Servs.*, 70 F. Supp. 2d 1243, 1251 (D. Kan. 1999) (citing *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997)).

The Court notes that plaintiff has not filed a response to defendant's Motion to Reconsider.[2] Under D. Kan. Rule 7.4(b), if a non-movant fails to file a timely response to a motion, the Court "will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice." Where, as here, a plaintiff brings a lawsuit pro se, the Court construes his filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers, but does not assume the role of the pro se litigant's advocate. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citation omitted). Also, a plaintiff's pro se status does not excuse him from complying with the rules of the court or facing the consequences of noncompliance. *Ogden v. San Juan Cnty.*, 32

---

[2] The Court previously granted plaintiff an extension of time until December 4, 2014, to file a response to defendant's Motion to Reconsider. (*See* Doc. 61 at 2) That deadline has passed, and plaintiff has never filed a response.

F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)). Because plaintiff failed to respond timely to defendant's Motion to Reconsider, the Court may consider and decide defendant's motion as uncontested under D. Kan. Rule 7.4(b). Nevertheless, the Court also has considered defendant's motion on the merits. *See Jones v. Corr. Corp. of Am.*, No. 10-3167-JTM, 2012 WL 3238190, at *3 (D. Kan. Aug. 7, 2012) ("Even while acknowledging its authority to grant uncontested motions pursuant to D. Kan. R. 7.4, a court may evaluate the merits of a motion."). After considering the arguments presented in defendant's motion, the Court concludes that it did not err in its September 10, 2014 Order and thus denies defendant's Motion to Reconsider.

### III.   Analysis

Although the allegations in his Complaint are less than clear, the Court has construed plaintiff's Complaint to assert a § 1983 claim for violating plaintiff's Eighth Amendment rights based on injuries plaintiff sustained when defendant allegedly assaulted him by squeezing his genitals during a pat-down search. Before bringing suit on this claim, the PRLA mandates plaintiff to exhaust "[a]ll 'available' remedies." *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (citation omitted). Specifically, the PLRA requires: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Defendant argues here that regardless of whether plaintiff asserts a federal claim under § 1983 or a state law claim for personal injury, the PRLA requires plaintiff to exhaust administrative remedies under Article 16 of chapter 44 of the Kansas Administrative Regulations

before bringing suit. Because plaintiff failed to exhaust administrative remedies under Article 16, defendant argues, the Court must dismiss his § 1983 claim. However, as the Court explained in its September 10, 2014 Order, there are two distinct avenues of administrative exhaustion established in Kansas law.

The first avenue is found in the regulations codified by Article 15 of chapter 44 of the Kansas Administrative Regulations. These regulations govern inmate grievances covering "a broad range of matters that directly affect the inmate, including" complaints about policies and conditions of imprisonment, actions of employees and other inmates, and incidents occurring within the facility. Kan. Admin. Regs. § 44-15-101a(d)(1)(A)-(B). As the Court previously determined, this regulation applies to a constitutional claim such as the one asserted here, where the conduct complained of stems from "actions by employees" of the prison facility. *Id.* § 44-15-101a(d)(1)(B). The Court also concluded in its September 10, 2014 Order that genuine issues of fact exist about whether plaintiff exhausted his remedies under Article 15. Defendant does not seek reconsideration of the Court's conclusion that issues of fact exist about plaintiff's exhaustion under Article 15.

The second avenue is governed by the regulations in Article 16 of chapter 44 of the Kansas Administrative Regulations. Kan. Admin. Regs. § 44-16-104a applies to claims for personal injury and provides: "(a) Each inmate claim for personal injury shall be submitted to the [prison] facility and [the] secretary of corrections within 10 calendar days of the claimed personal injury." The Court determined in the September 10, 2014 Order that the summary judgment facts established that plaintiff failed to exhaust administrative remedies under Article 16. Thus, the Court granted summary judgment against any personal injury claim asserted by

5

plaintiff.

The Kansas Court of Appeals has explained that the two sets of administrative procedures established under Article 15 and 16 are "separate and distinct" from one another. *Redford v. Kan. ex rel. Dep't of Corr.*, 295 P.3d 1054, 2013 WL 781102, at *6 (Kan. Ct. App. Mar. 1, 2013) (unpublished table decision). Indeed, Kan. Admin. Regs. § 44-15-101a(d)(2) "expressly provides: 'The grievance procedure [in article 15] shall not be used in any way as a substitute for, or as part of, the . . . property loss or personal injury claims procedure [in Article 16] . . . .'" *Id.* (quoting Kan. Admin. Regs. § 44-15-101a(d)(2)); *see also Sharrock v. Stephens*, No. 10–CV–3210–CM/SAC, 2011 WL 5526444, at *1 (D. Kan. Nov. 14, 2011) ("Importantly, the requirements in [§ 44–16–104a] apply regardless of whether the inmate pursues a grievance pursuant to § 44–15–101.").

The Court interprets these authorities as requiring an inmate who wishes to pursue *both* a personal injury claim and a § 1983 claim to comply with the two distinct sets of administrative procedures even if he bases those two claims on the same act. To put it another way, a plaintiff's compliance with Article 15's procedures alone is not sufficient for him to assert a personal injury claim; rather, to assert a personal injury claim, a plaintiff must exhaust the administrative remedies provided by Article 16.

Importantly, however, defendant does not cite, and the Court has not located, any authority holding that an inmate must exhaust Article 16's requirements before asserting a § 1983 claim for violating an inmate's constitutional rights that inflicts a personal injury on the inmate. Without any such precedent, the Court declines to invent such a requirement here.

To support his argument that plaintiff must exhaust the administrative remedies of Article

16 before filing a § 1983 claim that seeks recovery for a personal injury resulting from the impairment of an inmate's constitutional right, defendant cites Judge Murguia's opinion in *Sharrock v. Stephens*. In that case, a plaintiff prisoner alleged that defendant had violated his constitutional rights by touching him inappropriately with a rake handle while plaintiff was clearing weeds. *Sharrock*, 2011 WL 5526444, at *1. Judge Murguia held that plaintiff was required to exhaust his administrative remedies before asserting such a claim in a lawsuit. *Id.* To satisfy this exhaustion requirement, *Sharrock* explained that two sets of administrative procedures govern exhaustion in Kansas. *Id.* The court first described the administrative exhaustion requirements contained in Article 15 of the Kansas Administrative Regulations for claims involving prison conditions. *Id.* The court next explained that the "Kansas regulations *also* include a process for a personal injury claim" under Article 16. *Id.* (emphasis added). The court then applied the two sets of regulations to the facts of the case. *Id.* at *2. First, the court determined that plaintiff had failed to present evidence that he had complied with the grievance process established by Article 15. *Id.* Next, the court concluded that plaintiff also had failed to "satisfy the procedure for a personal injury claim" under Article 16 because plaintiff had not proven that he sent a letter complaining about the alleged injury within ten days of the incident. *Id.* (citing Kan. Admin. Regs. § 44-16-104a). Because plaintiff had failed to provide evidence that he had exhausted his administrative remedies under either Article 15 or 16, the court granted summary judgment in favor of defendant. *Id.* at *2–3.

Contrary to defendant's argument, *Sharrock* does not hold that a prisoner must exhaust the administrative remedies under Article 16 before asserting a § 1983 claim for constitutional violations. Indeed, Judge Murguia first described Article 15's exhaustion requirements and then

7

explained that the Kansas regulations *also* include exhaustion requirements for personal injury claims under Article 16. *Id.* at \*1. The Court understands Judge Murguia's use of the word "also" to reinforce that the two sets of regulations are separate and distinct from one another. This is, of course, exactly what the Kansas Court of Appeals opined in *Redford*. In addition, *Sharrock's* use of the term "also" suggests that plaintiff could have satisfied the exhaustion requirement in one of two ways—either by exhausting the prerequisite for asserting a constitutional claim under Article 15 or "also" by satisfying the exhaustion requirement for a personal injury claim under Article 16. Moreover, if—as defendant contends—a plaintiff asserting a § 1983 claim seeking to recover damages for a personal injury caused by unconstitutional conduct must exhaust remedies under both Article 15 and Article 16, Judge Murguia would only have needed to consider whether plaintiff had satisfied the Article 16 requirements and would have dismissed the plaintiff's claim on that basis alone. But that is not what happened. Instead, *Sharrock* analyzed whether plaintiff had exhausted administrative remedies under either Article 15 or 16, concluded that he had exhausted his administrative remedies under neither alternative, and dismissed plaintiff's claim on that basis.

Like the plaintiff in *Sharrock*, plaintiff here has failed to demonstrate that he exhausted administrative remedies under Article 16, but, unlike the plaintiff in *Sharrock*, plaintiff has established that there are factual issues whether he exhausted his administrative remedies under Article 15. The Court already has concluded that plaintiff's failure to exhaust Article 16's requirements mandates summary judgment against any personal injury claim plaintiff seeks to assert in this lawsuit. But summary judgment is not warranted against plaintiff's § 1983 claim for constitutional violations based on the allegedly unconstitutional actions of defendant because

there are issues of fact whether plaintiff exhausted the administrative remedies for this constitutional claim under Article 15. Even though this constitutional claim seeks to recover damages for a personal injury, the Court has not located any authority requiring plaintiff to exhaust administrative remedies under Article 16 before asserting a § 1983 claim that alleges damages consisting of a personal injury. *Sharrock* does not compel a different result.

Finally, our Court has held in other cases that a prisoner's exhaustion of administrative remedies under Article 15 is sufficient to proceed with a lawsuit asserting constitutional claims that seek damages for personal injury caused by allegedly unconstitutional conduct. *See, e.g.*, *Strope v. Collins*, No. 06–3150–JWL, 2006 WL 3390393, at *2–3 (D. Kan. Nov. 22, 2006) (holding that plaintiff had exhausted administrative remedies under Article 15 of the Kansas Administrative Regulations and thus refusing to grant summary judgment against § 1983 claims alleging Eighth Amendment violations); *Jones v. Courtney*, No. 04-3255-JWL, 2005 WL 562719, at *3–4 (D. Kan. Mar. 7, 2005) (rejecting defendants' argument that an inmate had not exhausted administrative remedies because he did not file a claim form for property damages/ loss or personal injury because defendants cited no authority in support of their argument, the argument conflicted with the policy goals of the PLRA, and the information that would have been provided in a claim form for property damage/loss or personal injury was provided in plaintiff's grievance).[3] For these reasons, the Court denies defendant's Motion to Reconsider.

---

[3] The Court recognizes, however, that the cited cases were decided before Kan. Admin. Regs. § 44-16-104a took effect on June 1, 2007. Thus, the courts in these two cases relied only on the exhaustion requirements contained in Article 15 of the Kansas Administrative Regulations and did not address exhaustion of personal injury claims under Kan. Admin. Regs. § 44-16-104a, which Kansas had not yet promulgated. But, again, the Court has found no authority since the enactment of Kan. Admin. Regs. § 44-16-104a that fairly communicates to an inmate that he is required to exhaust Article 16's

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion to Reconsider (Doc. 53) is denied.

**IT IS SO ORDERED.**

**Dated this 30th day of January, 2015, at Topeka, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**

---

administrative remedies before asserting a constitutional claim based on actions by prison facility employees or an incident in the prison facility that also happens to produce a personal injury.