IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHANTELL D. LEWIS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>TROY J. CARRELL,<br><br>　　　　Defendant. | Case No. 12-cv-3112-DDC-JPO |

**MEMORANDUM AND ORDER**

On April 7, 2015, Judge O'Hara ordered plaintiff to show cause in writing to the Court why it should not dismiss this case with prejudice for failing to prosecute under Federal Rule of Civil Procedure 41(b) (Doc. 71). Plaintiff failed to respond to Judge O'Hara's Order. For the following reasons, the Court dismisses plaintiff's lawsuit with prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b) and D. Kan. Rule 41.1.

**I.   Background**

The Court relies heavily on Judge O'Hara's April 7, 2015 show cause order for the following factual and procedural history. *See* Doc. 71 at 1-3. On May 7, 2012, plaintiff, a former inmate at the Kansas Department of Corrections' El Dorado Correctional Facility, filed this lawsuit against defendant for allegedly violating plaintiff's Eighth Amendment rights. On April 23, 2014, plaintiff was released from the El Dorado Correctional Facility to serve post-release supervision in Florida. After his release, plaintiff did not update his contact information with the Clerk of the Court as required by D. Kan. Rule 5.1(c)(3). On September 24, 2014, defendant filed a motion seeking a scheduling conference and notified the Court that he had made several attempts to meet and confer with plaintiff but could not reach him. Judge O'Hara

1

ordered the parties to appear for a scheduling and status teleconference on October 14, 2014, and ordered plaintiff to e-mail current contact information to his chambers by October 8, 2014 (Doc. 54). Plaintiff failed to appear or provide updated contact information (Doc. 56).

On October 27, 2014, defendant provided a new address and telephone number for plaintiff, which he obtained from plaintiff's parole officer (Doc. 58). Defense counsel stated that he had reached plaintiff at his new telephone number and that plaintiff had confirmed his new address. As a result, Judge O'Hara reset the scheduling and status conference for November 13, 2014, and warned plaintiff that he would recommend that the Court dismiss this case if plaintiff failed to participate (Doc. 59). Plaintiff appeared for the November 13, 2014 scheduling conference. During the conference, Judge O'Hara stayed the case (Doc. 61) until the Court ruled on defendant's then-pending motion for reconsideration (Doc. 53) of his motion for summary judgment. He ordered the parties to submit a proposed discovery plan within 14 days of the Court's ruling on the motion for reconsideration.

On January 30, 2015, the Court denied defendant's motion for reconsideration (Doc. 64). On February 17, 2015, Judge O'Hara entered an order (Doc. 65) instructing the parties to confer as required by Federal Rule of Civil Procedure 26(f) by March 20, 2015. He also ordered defendant to submit the completed report of the parties' planning conference by March 31, 2015, and reset the scheduling conference for April 7, 2015. Judge O'Hara mailed this order to plaintiff's address of record. On March 31, 2015, defendant notified Judge O'Hara that he could not reach plaintiff on the date and time the parties had agreed to hold the Rule 26(f) conference and, despite multiple attempts, he had not been able to reach him since that time. Nevertheless, defendant unilaterally submitted a report of the parties' planning conference with proposed discovery and case management deadlines.

On April 7, 2015, Judge O'Hara held the telephone scheduling conference. Plaintiff did not participate and attempts to reach him at his telephone number of record failed. Judge O'Hara asked defense counsel to contact plaintiff's parole officer to determine whether he had moved again. Shortly after the conference, defense counsel e-mailed Judge O'Hara and told him that plaintiff had moved to a different address in Florida, although his phone number remained the same. Defense counsel also had tried and failed to reach plaintiff at this phone number. Notably, plaintiff had again failed to inform the Court that his address had changed, despite specific instruction to do so earlier in this case.

In light of this procedural history, Judge O'Hara concluded that "the court is wholly disinclined to chase plaintiff down to try to get him to proceed with a case that he filed. Plaintiff already has put the defendant, defense counsel, court staff, and undersigned magistrate judge to undue burden and inconvenience." Doc. 71 at 3. Judge O'Hara ordered plaintiff to show cause in writing to the Court by April 22, 2015 why the Court should not dismiss this case with prejudice. The Clerk's Office sent copies of Judge O'Hara's Order by regular mail *and* certified mail to plaintiff's address of record *and* the new address provided by defense counsel. As of the date of this Order, Plaintiff has failed to respond in any fashion.

**II. Legal Standard**

"A district court may dismiss an action sua sponte 'if the plaintiff fails to prosecute or to comply with these procedural rules or a court order.'" *Davis v. Miller*, 571 F.3d 1058, 1060 (10th Cir. 2009) (quoting Fed. R. Civ. P. 41(b)) (brackets omitted). Dismissals under Rule 41(b) may be made with or without prejudice. *Id.* "'Dismissal of an action with prejudice is a severe sanction, applicable only in extreme circumstances. Because dismissal with prejudice defeats altogether a litigant's right to access to the courts, it should be used as a weapon of last, rather

3

than first, resort.'" *Id.* at 1061 (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1520 n.6 (10th Cir. 1988)).  With this general rule in mind, the Tenth Circuit has set forth five factors that a district court should consider before dismissing a case with prejudice:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir. 1992) (citations omitted).  "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Id.* (citation omitted).  The Court addresses each *Ehrenhaus* factor below.

### III. Application of *Ehrenhaus* Factors

*First*, defendant has suffered significant prejudice because of plaintiff's actions.  As Judge O'Hara noted, plaintiff has imposed needless burden on defendant by failing repeatedly to comply with Court orders or respond to defendant's efforts to contact him.  On more than one occasion, defense counsel has been forced to contact plaintiff's parole officer to obtain contact information for him.  This factor weighs in favor of dismissal with prejudice.

*Second*, plaintiff has interfered significantly with the judicial process.  He has failed to comply with multiple Court orders, including Judge O'Hara's most recent show cause order.  This factor weighs in favor of dismissal with prejudice.

*Third*, plaintiff is culpable.  At this point, one must classify plaintiff's failure to respond to the Court or comply with its orders as willful acts.  After plaintiff first failed to notify the Court about his address change, Judge O'Hara warned plaintiff that he must inform the Court about any such change in the future.  But plaintiff apparently has moved again without telling the

4

Court.  Also, plaintiff has failed to respond to frequent attempts by both the Court and defense counsel to reach plaintiff on his phone.  This factor weighs in favor of dismissal with prejudice.

*Fourth*, Judge O'Hara explicitly warned plaintiff that the Court would dismiss his case with prejudice if he failed to respond to the show cause order.  But plaintiff did not respond.  This factor weighs in favor of dismissal with prejudice.

*Finally*, lesser sanctions would not be effective.  Monetary sanctions have little effect on a plaintiff whom the Court has permitted to proceed *in forma pauperis*, and the sanctions provided by Federal Rules of Civil Procedure 11 and 37 will not substitute for plaintiff's consistent and willful failure to comply with the Court's orders.  This factor also favors dismissal with prejudice.

### IV.  Conclusion

Because all five of the *Ehrenhaus* factors weigh in favor of dismissal with prejudice, the Court dismisses plaintiff's lawsuit with prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b) and D. Kan. Rule 41.1.

**IT IS THEREFORE ORDERED BY THE COURT THAT** this case is dismissed with prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b) and D. Kan. Rule 41.1.

**IT IS SO ORDERED.**

Dated this 30th day of June, 2015, at Topeka, Kansas.

s/ Daniel D. Crabtree  
**Daniel D. Crabtree**  
**United States District Judge**

5